# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

Lyle W. Cayce
Clerk

No. 09-50075
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTIN SLATER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-131-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dustin Slater entered a conditional guilty plea to one count of knowingly failing to comply with the registration requirements of the Sexual Offender Registration and Notification Act (SORNA). He was sentenced to a 24-month term of imprisonment and to a 5-year term of supervised release.

Slater contends that his conviction violates the Ex Post Facto Clause. He argues that, as applied to him, SORNA increases his possible punishment beyond that imposed by his initial conviction and that SORNA is criminal and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

punitive in nature.  He seems to challenge the sanctioning provision of SORNA (18 U.S.C. § 2250) by suggesting that it punishes him retroactively.  He further suggests that SORNA's registration provision (42 U.S.C. § 16913) increases the punishment for his 2007 sex crime.  In support of his arguments, Slater attempts to differentiate the requirements of SORNA from the provisions of an Alaska sex offender statute which survived an ex post facto challenge in *Smith v. Doe*, 538 U.S. 84 (2003).  He also argues that as a sex offender he is a member of an unpopular group.

This court considered identical contentions in an as-applied challenge to SORNA.  *See United States v. Young*, 585 F.3d 199 (5th Cir. 2009).  Like the defendant in *Young*, Slater traveled in interstate commerce and failed to comply with the registration requirements after SORNA became applicable to him.  *See id.* at 201.  Thus, the sanctioning provision of SORNA, as applied to Slater, does not violate the Ex Post Facto Clause.  All of Slater's remaining arguments were explicitly rejected in *Young* and therefore are foreclosed.  *Id.* at 204-06.  Accordingly, the judgment of the district court is AFFIRMED.